UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID PENN,
    Plaintiff
    v.
DISTRICT OF COLUMBIA, *et al.*,
    Defendants.

Civil Action No. 22-0745 (CKK)

**MEMORANDUM OPINION**
(January 10, 2023)

    Plaintiff David Penn brings this case against the District of Columbia and correction officers Judah Butler, Jerry Clinton, Jeremy Hannie, Alfred Hayes, Laretta Johnson, Darian Jones, Joshua Robinson, Nathanial Robinson, Esteban Sanchez, Leonard Thomas, Brian Wharton, Delonte Williams, and Davon Young (collectively "Correction Officer Defendants"). Plaintiff alleges that on April 4, 2020, while being housed at the D.C. Jail, Correction Officer Defendants violently assaulted him, causing various injuries, some of which are permanent. Compl. ¶ 10. Plaintiff's Complaint alleges a common law claim for assault and battery against Correction Officer Defendants and the District of Columbia (Count I); common law negligence claim against Correction Officer Defendants and the District of Columbia (Count II); deprivation of federal rights claim under 42 U.S.C. § 1983 against Correction Officer Defendants (Count III); excessive force claim under 42 U.S.C. § 1983 against Correction Officer Defendants (Count IV); failure to intercede claim under 42 U.S.C. § 1983 against Correction Officer Defendants (Count V); and negligent training, hiring, supervision, and retention against the District of Columbia (Count VI).

    Now pending before the Court is Defendants' [9] Partial Motion to Dismiss, in which Defendants seek dismissal of all claims against the Office of the Attorney General, arguing he is

1

*non sui juris*, and all claims against the District of Columbia, Joshua Robinson, and Leonard Thomas under Federal Rule of Civil Procedure 12(b)(5). They also seek dismissal of Counts II, III, V, and VI under Federal Rule of Civil Procedure 12(b)(6).

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court will GRANT-IN-PART and DENY-IN-PART Defendants' Motion. The Court will DISMISS all claims against the Office of the Attorney General for the District of Columbia. The Court will DISMISS all claims against the District of Columbia—in Counts I, II, and VI— for lack of service. Count I, as against the District of Columbia, is DISMISSED WITHOUT PREJUDICE. Counts II and VI, as against the District of Columbia, are also DISMISSED on the merits. The Court will DISMISS Counts II and III, as against Correction Officer Defendants, on the merits. However, the Court will not dismiss claims against Joshua Robinson and Leonard Thomas. The Court will also not dismiss Count V, brought against Correction Officer Defendants.

## I. BACKGROUND

For the purposes of the motion before the Court, the Court accepts as true the well-pleaded allegations in Plaintiff's Complaint. The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014).

---

[1] The Court's consideration has focused on the following documents:
- Pl.'s Am. Compl ("Compl."), ECF No. 1-1 at 76–85;
- Defs.' Partial Mot. to Dismiss (Defs.' Mot. to Dismiss), ECF No. 9;
- Pl.'s Opp'n to Defs.' Partial Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 12; and
- Defs.' Opp'n to Def.'s Partial Mot. to Dismiss ("Defs.' Reply"), ECF No. 13.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

At the time of the events giving rise to this action, Plaintiff David Penn was being housed at the D.C. Jail. Compl. ¶ 4. On April 4, 2020 at approximately 11:28 am, Correction Officer Defendants assaulted Mr. Penn just outside of his cell, located on housing unit North West Two. *Id.* ¶ 10. The Correction Officer Defendants were members of the jail's Emergency Response Team ("ERT"). *Id.* ¶ 8. As a result of the assault, Mr. Penn sustained physical injuries including multiple deep bruises, caused by being peppered with non-lethal munitions; loss of consciousness; hearing loss in one ear; partial loss of sight in one eye; and permanent scarring. *Id.* ¶ 10. He also cites to multiple contusions, swelling about his body, and permanent disfigurement. *Id.* ¶ 16. Mr. Penn alleges that "[i]t is believed that this incident was witnessed by other correctional officers and inmates." *Id.* ¶ 10.

Mr. Penn was released from the D.C. Jail on May 26, 2020. *Id.* ¶ 11. He submitted a letter to the Mayor of the District of Columbia outlining the assault described above, which prompted the Office of Risk Management to send a letter of acknowledgement on September 8, 2020. *Id.*

Plaintiff originally filed this case in the Superior Court of the District of Columbia ("D.C. Superior Court"). *See* Notice of Removal, ECF No. 1 at 1. His original complaint named only the District of Columbia and "John Doe Defendants," who were employed by the District's Department of Corrections. *Id.* at 8–9. It contained only common law claims of assault and battery and negligence against John Doe Corrections Officers. *Id.* at 10–11. Defendant District of Columbia filed a motion to dismiss in D.C. Superior Court, *id.* at 40–48, which was granted on the grounds that Plaintiff's claims were not directed against the District and Plaintiff failed to state plausible *respondeat superior* claims against the District, *id.* at 63–68. Plaintiff then filed an Amended Complaint that contained the same factual background but now included named

3

officers as Defendants, claims against the District of Columbia, and added federal law claims. *See generally* Compl.  He also filed a motion for an extension of time until March 16, 2022 to serve some of the Correction Officer Defendants, which Defendants consented to.  *See* ECF No. 1-1 at 96–105.

On March 17, 2022, Defendants removed the matter to this Court under federal question jurisdiction.  *See* Notice of Removal, ECF No. 1 at 1.  Defendants then filed the pending Partial Motion to Dismiss, *see generally* Defs.' Mot., which has been fully briefed and is now ripe for resolution.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quotations omitted).

### B. Federal Rule of Civil Procedure 12(b)(5)

A court ordinarily may not exercise personal jurisdiction over a party named as a defendant in the absence of service of process or waiver of service by the defendant.  *See*

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a… court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946) ("[S]ervice of summons is the procedure by which a court… asserts jurisdiction over the person of the party served.")). Pursuant to Federal Rule of Civil Procedure 12(b)(5), "if the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint" without prejudice. *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003) (RMU); *see also Simpkins v. D.C.*, 108 F.3d 366, 369 (D.C. Cir. 1997). "[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of [Federal Rule of Civil Procedure 4] and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 750 (D.C. Cir. 1987) (internal quotation omitted).

### III. DISCUSSION

Defendants move to dismiss several of Plaintiff's claims. Specifically, they move to dismiss all claims against the Office of the Attorney General because it is *non sui juris*; all claims against the District of Columbia, Joshua Robinson, and Leonard Thomas for lack of service; and Plaintiff's deprivation of federal rights claim (Count III), failure to intercede claim (Count V), negligence claim (Count II), and negligent supervision and training claim (Count VI) for failure to state a claim upon which relief can be granted.

The Court briefly addresses a threshold matter for Counts III and V, brought against Correctional Officer Defendants under 42 U.S.C. § 1983. To bring a section 1983 claim against an individual, a plaintiff must show that (1) he was deprived of a federal right by (2) an

5

individual acting under color of state law.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *accord Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937–38 (1982).  Defendants do not argue that Correction Officer Defendants were not acting under color of state law.  *See* Defs.' Mot. at 7–10.  Accordingly, the Court does not address this prong of the legal test in its analysis below.

The Court now turns to Defendants' arguments in support of its Partial Motion to Dismiss, addressing each separately.

### A. Claims Against Office of Attorney General

Plaintiff's Complaint names the Office of the Attorney General ("OAG") for the District of Columbia as a Defendant.  However, as a subordinate agency within the District of Columbia government, the OAG is *non sui juris* and therefore cannot be a party to this lawsuit.  *See Does I through III v. D.C.*, 238 F. Supp. 2d 212, 222 (D.D.C. 2002) (HHK) (citations omitted); *Owens v. D.C.*, 631 F. Supp. 2d 48, 54 (D.D.C. 2009) (ESH); *see also Amobi v. D.C. Dep't of Corrs.*, 755 F.3d 980, 987 n.5 (D.C. Cir. 2014) (noting that a "non sui juris subordinate government agency… has since been dismissed from this suit").[2]  "[A] subordinate governmental agency may not sue or be sued in the absence of a statutory provision to that effect," *Trifax Corp. v. D.C.*, 53 F. Supp.

---

[2] Case law from the U.S. Court of Appeals for the District of Columbia Circuit upholding a district court's dismissal of a *non sui juris* party is unreported but nevertheless helpful.  *See Miller v. Marriott Int'l LLC*, No. 19-7053, 2019 WL 6492628, at *1 (D.C. Cir. Nov. 15, 2019) ("With respect to the Metropolitan Police Department and the Domestic Violence Unit of the District of Columbia Superior Court, the district court correctly concluded that those parties are non sui juris and may not be sued in their own names.") (citing *Braxton v. Nat'l Capital Hous. Auth'y*, 396 A.2d 215, 216 (1978) ("Bodies within the District of Columbia government are not suable as separate entities.")); *Lewis v. D.C. Police Dep't*, No. 17-5245, 2018 WL 1896537, at *1 (D.C. Cir. Apr. 3, 2018) ("The district court correctly concluded that appellees Metropolitan Police Department, Department of Corrections, and Office of Behavioral Health are non sui juris…"); *Hunt v. D.C.*, No. 02-7044, 2002 WL 1997987, at *1 (D.C. Cir. Aug. 29, 2002) ("The district court correctly concluded that appellee Metropolitan Police Department is non sui juris.")

2d 20, 26 (D.D.C. 1999) (GK); see *Kundrat v. Dist. of Columbia*, 106 F. Supp. 2d 1, 5 (D.D.C. 2000) (RMU) (collecting cases), and here, there is no statutory authority allowing suits against the OAG in its own name, *see Doe v. D.C.*, 609 F. Supp. 2d 38, 40–41 (D.D.C. 2009) (PLF).

The Court also adds that Plaintiff conceded this by failing to respond to Defendants' argument. *See Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 201 (D.D.C. 2009) (RMU); Order at 4–5, ECF No. 5.

Accordingly, the Court dismisses all claims against the Office of the Attorney General for the District of Columbia.

### B. Claims Against District of Columbia, Joshua Robinson, and Leonard Thomas

Defendants argue that because Plaintiff failed to serve Defendants District of Columbia, Joshua Robinson, and Leonard Thomas, all claims against them should be dismissed under Federal Rule of Civil Procedure 12(b)(5).  Defs.' Mot. at 6.  The Court separately addresses service as to the District of Columbia and then the individual Defendants.

#### 1. District of Columbia

Earlier in this litigation, D.C. Superior Court dismissed Plaintiff's claims against the District of Columbia on the grounds that Plaintiff's claims were not directed against the District and Plaintiff failed to state plausible *respondeat superior* claims against the District.  *See* ECF No. 1 at 63–68.  Plaintiff subsequently filed an Amended Complaint on February 1, 2022.  *See id.* at 69.  He was required to serve the District with that Complaint,[3] which was then the only

---

[3] As for the method of service, "[t]he District of Columbia must be served by delivering… or mailing… a copy of the summons, complaint, Initial Order, any addendum to that order, and any other order directed by the court to the parties at the time of filing to the Mayor… and the Attorney General…." D.C. Super. Ct. R. Civ. P. 4(j)(3)(A).  It can also be served by email pursuant to an Office Order by the Office of the Attorney General.  Attorney General Karl A. Racine, *Office Order No. 2020-10*, Government of the District of Columbia Office of the Attorney General (April 1, 2020), https://oag.dc.gov/sites/default/files/2020-04/2020-10-OAG-

7

operative complaint against the District. Plaintiff was aware of the need to serve the Complaint generally speaking, as indicated by his Motion for an Extension of Time to Serve Defendant Correction Officers. *See id.* at 89–94; *see also id.* at 98 (court's Order granting the Motion).

Defendant argues that Plaintiff did not serve the District, Defs.' Mot. at 7, and Plaintiff does not dispute this, Pl.'s Opp'n at 11–12. In other words, Plaintiff admits that he has not served the District of Columbia at any time after filing his operative Complaint on February 1, 2022. Plaintiff instead argues that the District has been on notice of this litigation because Plaintiff has "been diligently working with the District's Department of Corrections" regarding this matter and is "in regular communications with the District's Corrections Department." *Id.* at 12. However, it is well-established that "proof of actual or constructive notice is not a substitute for proper service." *Salmeron v. D.C.*, 113 F. Supp. 3d 263, 269 (D.D.C. 2015) (RBW); *see also Freedom Watch, Inc. v. Organization of the Petroleum Exporting Countries*, 766 F.3d 74, 81 (D.C. Cir. 2014); *Mann v. Castiel*, 729 F. Supp. 2d 191, 196 (D.D.C. 2010) (RCL) ("Proof of actual notice is insufficient to prove proper service"); *Chen v. D.C.*, 256 F.R.D. 263, 266–67 (D.D.C. 2009) (PLF) (citing *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 4 (D.D.C. 2004) ("[N]otice alone cannot cure an otherwise defective service")); *Corsi v. Mueller*, 422 F. Supp. 3d 51, 62 (D.D.C. 2019) (ESH). Accordingly, the Court finds that Plaintiff failed to properly serve Defendant District of Columbia, which is grounds for dismissal under Rule 12(b)(5).

Plaintiff then "requests that the Court extend the time to serve the District." Pl.'s Opp'n at 12. Such an argument is governed by Federal Rule of Civil Procedure 4(m), which states that "[i]f the plaintiff shows good cause for the failure [to serve a defendant], the court must extend

---

OFFICE-ORDER-Temp-ServiceProcess.pdf; *see also* Defs.' Mot. 7 n.2.

the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "A plaintiff bears a heavy burden when attempting to establish 'good cause.'" *Battle v. D.C.*, 21 F. Supp. 3d 42, 45 (D.D.C. 2014) (ESH). "[I]gnorance of the rules of procedure usually does not suffice to establish good cause," *Whitehead*, 221 F.R.D. at 4, and "a plaintiff must employ a reasonable amount of diligence in determining… how to effect service" before good cause may be found, *Prunte v. Universal Music Grp.*, 248 F.R.D. 335, 338–39 (D.D.C. 2008) (PLF). "Good cause exists when some outside factor… rather than inadvertence or negligence, prevented service, for example, a defendant's intentional evasion of service." *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012) (internal quotation and citation omitted). In other words, a plaintiff has the "burden of demonstrating that something beyond [their] control… prevented [them] from effecting service." *Battle*, 21 F. Supp. 3d at 46 (citing *Mann*, 681 F.3d at 374). Even if the absence of good cause, a district court may, in its discretion, grant an extension. *Morrissey v. Mayorkas*, 17 F.4th 1150, 1156 (D.C. Cir. 2021).

The Court finds that Plaintiff has not demonstrated good cause for his failure to serve the District of Columbia. Rather, his only explanation is that the District was on notice. *See* Pl.'s Opp'n at 12. This plainly fails the standard required under Rule 4(m), explained above. Accordingly, the Court denies Plaintiff's request for an extension of time to serve Defendant District of Columbia.

The Court dismisses all of Plaintiff's claims against the District of Columbia—in Counts I, II, and VI—pursuant to Federal Rule of Civil Procedure 12(b)(5).

2. **Joshua Robinson and Leonard Thomas**

Plaintiff also does not dispute that he has not yet served Defendants Joshua Robinson and Leonard Thomas. *See* Pl.'s Opp'n at 12. Plaintiff instead requests that the Court grant an

extension of time to serve them and outlines his various efforts to effectuate service, *id.* at 12–13, which the Court now restates.

Plaintiff contends that his Amended Complaint and summons were issued to be served to Mr. Robinson and Mr. Thomas in February 2022. *Id.* at 12. On February 22, 2022, he emailed counsel for the Department of Corrections ("DOC") with the list of officers he sought to serve and requested their assistance to facilitate service. *Id.* DOC counsel responded the same day informing Plaintiff that Mr. Robinson and Mr. Thomas were retired. *Id.* On February 24, 2022, Plaintiff inquired with DOC counsel whether they could facilitate service on Mr. Robinson and Mr. Thomas, and counsel agreed to reach out to them. *Id.* Plaintiff contends that "[s]ince that time, Plaintiff has sought to work with counsel for DOC to effectuate service." *Id.* He sent eight emails to DOC counsel over a three-month period asking for updates. *Id.* at 12–13. On March 18, 2022, DOC counsel "represented he had spoken to or left messaged [sic] for the two men… and [] was awaiting responses." *Id.* at 13. On March 21, 2022, DOC counsel "represented he had not heard from them. *Id.* On March 28, 2022, DOC counsel "represented that… he would try to contact the officers again," and when Plaintiff followed upon on April 5, 2022, DOC counsel said "he had left messaged [sic] for both men." *Id.* As of June 17, 2022—the date Plaintiff filed his Opposition—he had not heard back from DOC counsel. *Id.* Plaintiff also indicated that he sought to use a private process server to locate Mr. Robinson and Mr. Thomas but has been unsuccessful. *Id.*

DOC counsel was under no obligation to assist Plaintiff in locating Mr. Robinson and Mr. Thomas and, as they were retired, Mr. Robinson and Mr. Thomas were likewise under no obligation to make their whereabouts known to Plaintiff. Furthermore, there was no basis for Plaintiff to rely on DOC counsel's representations of assistance. Plaintiff should have continued

his efforts beyond the unsuccessful use of a private process server.

Next, in addition to recounting his efforts at service, Plaintiff states that "[t]he Court's intervention here is required" and "requests that the Court order Defendants to turn over the last known addresses for" the retired officers.  *Id.*  The Court has found no legal authority to support this request and therefore denies it.

However, notwithstanding the fact that Plaintiff has had nearly one year to serve Mr. Robinson and Mr. Thomas, the Court in its discretion will grant an extension for Plaintiff to effectuate service on these Defendants.  The Court finds that, although misplaced, Plaintiff seems to have relied on communications with DOC counsel, which ostensibly dissuaded him from pursuing other means of service.  The Court will include additional information regarding this extension in an accompanying Order.

The Court therefore denies Defendants' Motion to dismiss all claims against Mr. Robinson and Mr. Thomas.

### C. Deprivation of Federal Rights (Count III)—Correction Officer Defendants

Plaintiff brings a claim for deprivation of federal rights under 42 U.S.C. § 1983 against the Correction Officer Defendants.  *See* Compl. at 7.  More specifically, Plaintiff alleges that Defendants "deprived plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Eighth and Fourteenth Amendments."  Compl. ¶ 24.

Defendants correctly explain that the Fourteenth Amendment does not apply to the District of Columbia.  *See* Defs.' Mot. at 8; *Bolling v. Sharpe*, 347 U.S. 497, 499 (Fourteenth Amendment does not apply to D.C.).  Rather, the Fifth Amendment applies.  *Id.*

Defendants also state that "[u]pon information and belief, Plaintiff was a pretrial detainee at the time of the incident," Defs.' Mot. at 7, a contention that Plaintiff does not contest in his

Opposition, *see* Pl.'s Opp'n at 6–7.  Pretrial detainees are not governed by the Eighth Amendment.  *See* Defs.' Mot. at 7; *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (Eighth Amendment does not apply to pretrial detainees).  The proper standard is under the Fifth Amendment.  *See Hardy v. D.C.*, 601 F. Supp. 2d 182, 185 (D.D.C. 2009).

Accordingly, where Plaintiff's Complaint alleges a violation under the Eighth and Fourteenth Amendments, which is not viable as a matter of law where Plaintiff was a pretrial detainee in D.C., the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.  The Court therefore dismisses Count II, Plaintiff's claim for deprivation of federal rights.  *See id.* at 185 ("Because the Fifth Amendment, rather than the Eighth Amendment, applies to pretrial detainees' rights, the plaintiffs' Eighth Amendment claims will be dismissed.").

  D.  **Failure to Intercede Claim (Count V)—Correction Officer Defendants**

Plaintiff brings a claim for failure to intercede under 42 U.S.C. § 1983 against the Correction Officer Defendants.  Compl. at 8.  There is "uniformity among the Circuits to have addressed the issue" that officers have a "duty to intervene where there is 'a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so.'"  *Leach v. D.C.*, No. 19-cv-947 (APM), 2022 WL 1316436, at *10 (D.D.C. May 3, 2022) (quoting *Jackson v. D.C.*, 327 F. Supp. 3d 52, 66–67 (D.D.C. 2018) (TJK) (collecting case law from all U.S. Courts of Appeals but the D.C. Circuit)).  An officer will be liable for failure to intervene if he "(1) knows that a fellow officer is violating an individual's constitutional right; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act."  *Jackson*, 327 F. Supp. 3d at 67 (citation omitted).

Plaintiff claims that the "Correction Officer Defendants had an affirmative duty to intercede when plaintiff's constitutional rights were being violated in their presence by the use of

12

excessive force" and that they "violated plaintiff's constitutional rights when they failed" to do so. Compl. ¶ 31. Plaintiff alleges that "members of the ERT assaulted Plaintiff and also failed to intervene," Pl.'s Opp'n at 8 (citing Compl. ¶¶ 10, 30–31), or in other words that "the unconstitutional acts of certain officers were conducted in the presence of and witnessed by other officers," *id*. That Plaintiff has not alleged specifically which of the Correction Officer Defendants were actively engaged in the assault and which were bystanders does not doom Plaintiff's claim at the motion to dismiss stage. *See Robinson v. Farley*, 264 F. Supp. 3d 154, 161–62 (D.D.C. 2017) (KBJ) ("[A]t this stage of the litigation, Plaintiffs do not know, and cannot be reasonably expected to know, which officer did what.").

Reading the Complaint as a whole and assuming Plaintiff's factual allegations to be true, as is required, Plaintiff has alleged that the Correction Officer Defendants were present during Plaintiff's assault—a violent attack that left him with permanent injuries. Accepting all "reasonable inference[s]" in Plaintiff's favor, the Court concludes that he has "plausibly" stated that at least some of those officers knew the assault was violating Plaintiff's constitutional rights, had a reasonable opportunity to prevent the assault, and yet failed to act. *See Iqbal*, 556 U.S. at 678. Other courts in this Circuit have held similarly at this stage. *See, e.g.*, *Matthews v. D.C.*, 730 F. Supp. 2d 33, 39 (D.D.C. 2010) (JDB).

The Court finds that Count V, Plaintiffs' failure to intercede claim against Correction Officer Defendants, can proceed.

### E. Negligence Claim (Count II)—Correction Officer Defendants and District of Columbia

Plaintiff alleges a common law claim of negligence against Correction Officer Defendants and the District of Columbia. The Court considers claims against these groups of Defendants separately.

13

### 1. Correction Officer Defendants

As for Correction Officer Defendants, "[t]o prevail on a negligence cause of action, the plaintiff must prove the applicable standard of care, a deviation from that standard by the defendant, and a causal relationship between that deviation and the plaintiff's injury." *Scales v. D.C.*, 973 A.2d 722, 730 (D.C. App. 2009).

Defendants argue that "Plaintiff improperly couches an [i]ntentional tort claim—assault and battery—as a negligence claim, which warrants dismissal." Defs.' Mot. at 10. However, there are "certain circumstances [in which] the events surrounding the application of excessive force may lend themselves to a theory of negligence as well" as assault and battery. *D.C. v. Chinn*, 839 A.2d 701, 707 (D.C. 2003). "[A] plaintiff who simultaneously asserts claims for negligence and assault and battery based on excessive force must ensure that the negligence claim is: (1) 'distinctly pled;' (2) 'based upon at least one factual scenario that presents an aspect of negligence apart from the use of excessive force itself;' and (3) 'violative of a distinct standard of care.'" *Dormu v. D.C.*, 795 F. Supp. 2d 7, 30 (D.D.C. 2011) (HHK) (quoting *Chinn*, 839 A.2d at 711).

As for the first requirement, Plaintiff succeeds in pleading his negligence claim separately from his claim for assault and battery. *See* Compl. ¶¶ 12–16 (Count I, Assault and Battery), 17–21 (Count II, Negligence). However, he fails to meet the other two elements.

The second requirement demands that Plaintiff's theory of negligence be "based upon at least one factual scenario that presents an aspect of negligence apart from the use of excessive force itself." *Chinn*, 839 A.2d at 711. Claims that have been allowed to proceed often include "a distinct act of negligence" or "a misperception of fact." *Chinn*, 839 A.2d at 711. Such "misperceptions of fact typically involve a situation where an officer's version of events diverges

14

from the plaintiff's." *Leach*, 2022 WL 1316436, at *9; *see, e.g.*, *Ingram v. Shipman-Meyer*, 241 F. Supp. 3d 124, 151 (D.D.C. 2017) (GK) (finding that "[w]hether [an officer] knew he was using a tracheal hold rather than a carotid hold is the kind of factual mistake relevant to whether he acted negligently"); *Dormu*, 796 F. Supp. 2d at, 30–31 (considering case to involve a possible misperception of fact where plaintiff argues that the officer might have recklessly believed that he properly applied handcuffs); *Etheredge v. D.C.*, 635 A.2d 908, 917–18 (D.C. 1993) (allowing negligence claim to proceed based on theory that officer misperceived the danger posed). Here, Plaintiff argues that "[w]hen using excessive force[,] Correction Officer Defendants… negligently deviated from the appropriate standard of care." Compl. ¶ 20. In so arguing, Plaintiff does not put forward any facts distinct from the use of excessive force, does not identify any specific act that was allegedly negligent, and does not make any allegations of a misperception of fact. He fails to satisfy this element.

As for the third requirement, Plaintiff must identify a distinct standard of care. Plaintiff does point to a section of the D.C. Code as a standard of care owed. *See* Compl. ¶ 9; Pl.'s Opp'n at 9; *compare to Leach*, 2022 WL 1316436, at *9 (finding requirement not met where "although Plaintiff alludes to 'MPD regulations,' he identifies no specific regulation that might inform the standard of care."). The relevant provision states that the Department of Corrections of the District of Columbia is "responsible for the safekeeping, care, protection, instruction, and discipline of all persons committed to [its penal] institutions," D.C. Code § 24-211.02(a)— language that Plaintiff references in his Complaint and Opposition, *see* Compl. ¶ 9; Pl.'s Opp'n at 9. However, the Court finds that this standard of care is not distinct from the standard of care to not use excessive force—a conflation that the District of Columbia Court of Appeals specifically sought to avoid when creating this three-part test. *See Chinn*, 839 A.2d at 711 ("It is

15

tautological to speak of the applicable standard of care as being the duty not to use excessive force."). Rather, the standard of care created by the D.C. Code subsumes a standard of care to not use excessive force.

Accordingly, the Court finds that Plaintiff has failed to state a plausible claim for relief and therefore dismisses Plaintiff's negligence claim against Correction Officer Defendants.

### 2. District of Columbia

The Court next turns to Plaintiff's claim against the District of Columbia. As discussed above, all of Plaintiff's claims against the District are dismissed under Federal Rule of Civil Procedure 12(b)(5) for failure to serve. *See supra* Section III.B.1. The Court nevertheless engages in the subsequent analysis, which constitutes additional grounds to dismiss Plaintiff's negligence claim against the District.

Plaintiff's Complaint makes no allegations that the District of Columbia itself was directly liable to Plaintiff under a negligence theory, but rather that the District of Columbia is liable under a theory of *respondeat superior*. *See* Compl. ¶ 20. This theory of liability cannot proceed at this juncture where the predicate claim against the Correctional Officer Defendants fails as a matter of law. *See Williams v. D.C.*, 268 F. Supp. 3d 178, 184 n.1 (D.D.C. 2017) (GK); *Black v. D.C.*, 480 F. Supp. 2d 136, 141 (D.D.C. 2007) (RJL) (finding no basis for vicarious liability where predicate claims against employees were dismissed). The Court therefore dismisses Plaintiff's negligence claim as it applies to the District of Columbia.

Altogether, the Court dismisses Count II in its entirety.

### F. Negligent Supervision and Training Claim (Count VI)—District of Columbia

The Court has previously dismissed all of Plaintiff's claims against the District under Federal Rule of Civil Procedure 12(b)(5) for failure to serve. *See supra* Section III.B.1. The

Court nevertheless engages in the subsequent analysis, which constitutes additional grounds to dismiss Count VI brought against the District.

Plaintiff brings a common law claim of negligent hiring, training, supervision, and retention against the District of Columbia.  *See* Compl. at 9.  To state a claim for negligent training and supervision, a plaintiff must show that the defendant knew or should have known that its employee behaved in a dangerous or otherwise incompetent manner, and that the defendant, having such knowledge, failed to adequately supervise or train the employee. *Godfrey v. Iverson*, 559 F.3d 569, 571 (D.C. Cir. 2009) (citing *Brown v. Argenbright Sec., Inc.*, 782 A.3d 752, 760 (D.C. 2001)); *see also Harvey v. Kasco*, 109 F. Supp. 3d 173, 179 (D.D.C. 2015) (CRC).  At the motion to dismiss stage, courts look to whether a plaintiff alleges facts to "give rise to a reasonable inference that [] officials were on constructive notice of dangerous or incompetent behavior by the officers in question *prior* to" the incident in question.  *Spiller v. D.C.*, 302 F. Supp. 3d 240, 255 (D.D.C. 2018) (RDM) (emphasis in original).  Finally, the plaintiff must show that the employer's failure to train or supervise was the proximate cause of the injury alleged.  *Clark v. Computer Sci. Corp.*, 958 F. Supp. 2d 208, 214 (D.D.C. 2013) (RJL).

The Court finds that Plaintiff's Complaint does not state a plausible negligent training or supervision claim against the District of Columbia.  Plaintiff's allegations regarding the District of Columbia's failure to train or supervise are conclusory, alleging only that "the District of Columbia was negligent and careless when it selected, hired, trained, retained, assigned, and supervised the corrections officers that participated in the incident."  Compl. at ¶ 35–37. Plaintiff does not allege anything regarding the District's actual or constructive knowledge of the Correction Officer Defendants' (or any other officers') behavior before (or after) the April 4, 2020 incident.  Allegations of such knowledge could take the form of claims that officers had

been previously involved in similar incidents, that supervisors knew about aspects of the officers' behavior that would have or should have put them on notice for the need for additional supervision or training, that the District failed to discipline or retrain officers after serious incidents, or that similar incidents occurred with such regularity that the District was on notice of a common propensity among officers. *Spiller*, 302 F. Supp. 3d at 255. But Plaintiff does not plead any such information. Plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" therefore "do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678; *see also Spiller*, 302 F. Supp. 3d at 255 (dismissing claim on similar grounds); *Harvey*, 109 F. Supp. 3d at 179 (dismissing claim where plaintiff did not plead "any facts regarding the District of Columbia's knowledge that one of its officers would allegedly use excessive force in… a single incident, or that other officers would fail to intercede").

For these reasons, the Court concludes that Plaintiff has not stated a plausible claim for negligent training or supervision against the District of Columbia and therefore dismisses Count VI.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS-IN-PART and DENIES-IN-PART Defendants' Partial Motion to Dismiss.

The Court GRANTS Defendants' Motion to Dismiss all claims against the Office of the Attorney General for the District of Columbia. Those claims are hereby DISMISSED.

The Court GRANTS Defendants' Motion to Dismiss all claims against the District of Columbia—in Counts I, II, and VI—for lack of service. Count I, as against the District of Columbia, is DISMISSED WITHOUT PREJUDICE for lack of service. Counts II and VI, as against the District of Columbia, are also DISMISSED on the merits.

The Court GRANTS Defendants' Motion to Dismiss Counts II and III as against Correction Officer Defendants. Those claims are hereby DISMISSED.

The Court DENIES Defendants' Motion to Dismiss all claims against Joshua Robinson and Leonard Thomas. The Court also DENIES Defendants' Motion to Dismiss Count V against Correction Officer Defendants.

Additionally, the Court notes that because Defendants did not move to dismiss Plaintiff's assault and battery claim (Count I) and excessive force claim under 42 U.S.C. § 1983 (Count IV), those claims also remain, but only as against Correction Officer Defendants.

An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge